IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE LORETTA DECLOUTTE, | § | |
| Debtor/Appellee. | § | |
| | § | |
| | § | CIVIL ACTION NO. H-18-2317 |
| KELLEY AUSTIN, | § | |
| Appellant. | § | |

# **MEMORANDUM AND ORDER**

In these consolidated bankruptcy appeals,[1] Appellant Kelley L. Austin appeals from the Opinion [Doc. # 201 in BR Case 14-35557] and Final Judgment [Doc. # 202 in BR Case 14-35557] issued against her by United States Bankruptcy Judge David Jones on June 20, 2018, as well as four writs of garnishment [Docs. # 91 - # 94 in Adv. Case 16-3275] issued by Judge Jones on September 27, 2018. Austin filed her Appellant's Brief [Doc. # 26], Debtor/Appellee Loretta Decloutte filed her Appellee's Brief [Doc. # 34], and Austin filed a Reply Brief [Doc. # 37].

Also pending are Austin's Motion to Vacate Writ of Garnishment [Doc. # 21], Application for Temporary Restraining Order [Doc. # 22], and Amended Motion to

---

[1] These bankruptcy appeals involve Austin's Chapter 7 Bankruptcy Case No. 12-35092 ("BR Case 12-35092"), Decloutte's Chapter 13 Bankruptcy Case No. 14-35557 ("BR Case 14-35557"), Adversary Proceeding No. 16-3275 ("Adv. Case 16-3275") filed in Decloutte's Bankruptcy Case, and Adversary Proceeding No. 17-3237 ("Adv. Case 17-3237") filed in Austin's Bankruptcy Case.

Vacate Writs of Garnishment [Doc. # 25]. Decloutte filed a Response [Doc. # 32], and Austin filed a Reply [Doc. # 33].

The Court has carefully reviewed the full record in this case. Based on that review, the application of relevant legal authorities, and the reasoning of Judge Jones as set forth in his Opinion, the Court **affirms** the Opinion, Final Judgment, and writs of garnishment. The Court **denies** Austin's motions regarding the writs of garnishment.

I.    **STANDARD OF REVIEW**

The Court reviews a bankruptcy judge's conclusions of law *de novo* and findings of fact under the "clearly erroneous" standard. *See In re Thaw*, 769 F.3d 566, 368 (5th Cir. 2014); *Matter of Chu*, 679 F. App'x 316, 318 (5th Cir. Feb. 9, 2017). Mixed questions of law and fact are reviewed *de novo*. *See Matter of Cowin*, 864 F.3d 344, 349 (5th Cir. 2017); *In re Positive Health Mgmt.*, 769 F.3d 899, 903 (5th Cir. 2014). Matters within a bankruptcy judge's discretion are reviewed for an abuse of discretion. *See In re Vallecito Gas, LLC*, 771 F.3d 929, 932 (5th Cir. 2014); *In re Vitro S.A.B. de CV*, 701 F.3d 1031, 1042 (5th Cir. 2012). "A bankruptcy court abuses its discretion when it applies an improper legal standard or rests its decision on findings of fact that are clearly erroneous." *In re TWL Corp.*, 712 F.3d 886, 891 (5th Cir. 2013).

This Court "may affirm if there are any grounds in the record to support the judgment, even if those grounds were not relied upon by the courts below." *See In re Green Hills Dev. Co., L.L.C.*, 741 F.3d 651, 656 n. 17 (5th Cir. 2014); *In re Scotia Pacific Co., LLC*, 508 F.3d 214, 218-19 (5th Cir. 2007).

## II. BACKGROUND

The factual background of these cases is set forth fully and accurately in the Bankruptcy Court's Opinion. Austin represented Decloutte in a divorce proceeding beginning in November 2012. Subsequently, yet overlapping with her representation of Decloutte in the divorce proceeding, Austin represented Decloutte in a Chapter 13 bankruptcy proceeding filed in October 2014.

In November 2015, a settlement was reached in Decloutte's divorce proceeding. In connection with the divorce settlement, a cashier's check for $10,000.00 payable to Decloutte was delivered to Austin in approximately July 2016. At that time, the automatic stay in Decloutte's Chapter 13 bankruptcy case remained in effect. Austin endorsed Decloutte's name on the back of the check, kept $7,325.22 for herself, and sent Decloutte a check for $2,674.78, which was dishonored by Austin's bank.

Austin became aware that the check to Decloutte had been dishonored and that there were questions about her endorsement on the cashier's check. Austin testified that in order to "protect" herself from charges of forgery and theft, she filed an

admittedly false police report in Fort Bend County stating that Decloutte had stolen the $10,000.00 from her. On the basis of the police report, Decloutte was indicted and, on May 17, 2017, was arrested and formally charged with felony theft of the $10,000.00.

Decloutte obtained substitute counsel in her bankruptcy case. She also filed an adversary proceeding to recover pursuant to 11 U.S.C. § 549 and § 550 payments made to Austin, for turnover of estate property pursuant to 11 U.S.C. § 542, and for damages resulting from Austin's violation of the automatic stay pursuant to 11 U.S.C. § 362(k). *See* Complaint [Doc. # 1 in Adv. Case 16-3275]. Decloutte also filed an adversary proceeding in Austin's bankruptcy case seeking a determination that the monetary obligations owed by Austin to Decloutte were non-dischargeable pursuant to 11 U.S.C. § 523(a)(4) and § 523 (a)(2)(A). *See* Complaint [Doc. # 1 in Adv. Case 17-3237].

Following three days of trial in the bankruptcy court, Judge Jones issued his Opinion. He found that Austin's obligations to Decloutte were non-dischargeable pursuant to § 523(a)(4). He found also that Austin violated the automatic stay, and found that Decloutte suffered damages and was entitled to punitive damages in the amount of $12,500.00. Additionally, Judge Jones found that Austin violated Rules 3.03, 4.04, 1.14, and 8.04 of the Texas Disciplinary Rules of Professional

Conduct. As a sanction for Austin's conduct, Judge Jones awarded Decloutte her reasonable attorneys' fees in both the bankruptcy proceedings and in the Fort Bend County criminal proceeding. Judge Jones further ordered Austin to pay Decloutte $220.00 to reimburse her for the bond premium she paid to post bail following her arrest in May 2017, $240.00 to reimburse her for medical expenses incurred due to the resulting stress and anxiety, and $15,000.00 as compensation for being wrongfully jailed.

Judge Jones also referred Austin pursuant to Rule 5 of the Rules of Discipline for the Southern District of Texas to the district's chief judge, together with a recommendation that Austin be disbarred from practice before the courts in the Southern District of Texas. The Bankruptcy Court also referred the matter to the Office of Chief Disciplinary Counsel for the State Bar of Texas with a recommendation for disbarment or other appropriate action. Lastly, the Bankruptcy Court referred the matter to the United States Attorney for investigation and potential prosecution of Austin.

On August 28, 2018, Judge Jones approved the parties' stipulation and entered "Stipulations and Order Regarding Show Cause Order" [Doc. # 234 in BR Case 14-35557]. In that order, Judge Jones accepted and approved Austin's stipulation that she would not file any bankruptcy cases, proceedings or matters, or otherwise appear or

practice before the Bankruptcy Courts of the Southern District of Texas pending the resolution of the Rule 5 proceeding, and that Austin would withdraw or substitute out from any cases, proceedings, or matters currently pending before any Bankruptcy Court in the Southern District of Texas. *See id.*

On September 26, 2018, Decloutte applied for writs of garnishment. On September 27, 2018, Judge Jones issued the writs of garnishment – two to Chapter 13 trustees, one to Wells Fargo Bank, and one to Bank of America. One of the Chapter 13 Trustees and Bank of America responded to the writs of garnishment by stating that they were not in possession of funds owned by or owed to Austin. The other Chapter 13 Trustee placed an administrative hold on funds owed to Austin, and Austin states that Wells Fargo seized funds from her checking account on October 2, 2018.

Austin filed a timely Notice of Appeal from the Opinion and Final Judgment, and later filed a Notice of Appeal from the writs of garnishment. The appeals have been consolidated, and the consolidated appeal is now ripe for decision.

### III. APPEAL ISSUES RELATING TO BANKRUPTCY COURT'S OPINION

Austin does not challenge the facts as recited by the Bankruptcy Court in its Opinion. Instead, Austin argues that Judge Jones abused his discretion in a number of ways. Austin argues that the sanctions order was an abuse of discretion because it

(1) failed to follow the dictates of Rule 5; (2) failed to give proper notice and an opportunity to be heard; (3) sanctioned her for conduct in other cases; (4) ordered her to make payment directly to the opposing party instead of into the court registry; (5) relied on the court's inherent power instead of a rule or statute; (6) awarded attorneys' fees in an amount to be determined later; (7) awarded punitive damages; (8) ordered Austin to make payments she was not financially able to make; and (9) ordered payment of amounts not requested by Decloutte. Each of these arguments is either refuted by the record or does not constitute an abuse of discretion.

### A. **Rules and Inherent Power**

In Issues I and V in her Appellant's Brief, Austin challenges the Bankruptcy Court's compliance with Rule 5 and his reliance on his inherent power. In the Southern District of Texas, the Bankruptcy Local Rules provide that the Local Rules of the District Court also govern practice in the bankruptcy court. *See* BR Local Rule 1001-1(b). The District Court Local Rules provide that the "Rules of Discipline in Appendix A govern membership in the bar of the United States District Court for the Southern District of Texas." *See* L.R. 83.1(L).

Rule 5 of the Rules of Discipline provides that "Charges that any lawyer of this bar has engaged in conduct which might warrant disciplinary action shall be brought to the attention of the court by a writing addressed to the chief judge with a copy to

the clerk of court." *See* Rule of Discipline 5(A). Notwithstanding Austin's assertion, it is undisputed that Judge Jones complied fully with Rule 5 by bringing his charge regarding Austin's misconduct to the district's chief judge. At that point, his responsibility under Rule 5 is complete. The record clearly and unequivocally refutes Austin's assertion that Judge Jones abused his discretion by failing to follow the dictates of Rule 5.

Rule 10 of the Rules of Discipline addresses Austin's argument that Judge Jones abused his discretion by relying on his inherent power rather than on a specific rule. Rule 10 provides that the "existence of these rules shall not limit the power of [bankruptcy] judges to exercise their inherent powers over lawyers who practice before them . . .." Rule of Discipline 10. Rule 10 makes clear that the judges may rely on their inherent power. Where, as here, a party's conduct is particularly egregious and disturbing, a court may rely on its inherent powers to impose sanctions. *See Carroll v. The Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 292 (5th Cir. 1997); *see also Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 134 (5th Cir. 2017) (noting that federal judges have "the inherent power to assess sanctions under certain circumstances, such as when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or has defiled the very temple of justice").

Judge Jones followed the requirements of Rule 5 of the Rules of Discipline, and he properly used his inherent power to sanction Austin. There was no abuse of discretion.

**B.     Notice**

In Issues II and XI of her Appellant's Brief, Austin argues that the Bankruptcy Court abused its discretion by sanctioning her without proper notice and an opportunity to be heard, and in amounts in excess of those requested by Decloutte. The record refutes Austin's arguments regarding notice. In an Order entered May 17, 2017, following Decloutte's arrest, Judge Jones specifically gave notice that he was reserving his "full range of remedies to address any wrong [by Austin] that is subsequently proven." *See* Order [Doc. # 18 in Adv. Case 16-3275]. Later, at a status conference on August 23, 2017, Judge Jones reminded Austin's counsel that he perceived there to be a "systemic abuse" and that he was not going to let the matter go. *See* Transcript [Doc. # 254 in BR Case 12-35092], p. 18. Judge Jones gave Austin notice in writing and orally that the full range of possible remedies was under consideration to address her "systemic abuse" in this matter. Thereafter, Judge Jones gave Austin an opportunity to be heard during a three-day trial. During closing arguments, Austin's attorney admitted understanding that the Bankruptcy Court was considering sanctions against Austin, arguing that an admonishment would be the

appropriate sanction. *See* Transcript [Doc. # 260 in BR Case 12-35092], p. 70. Austin was given adequate notice, orally and in writing, and an opportunity to be heard.

The amounts awarded by Judge Jones were not in excess of what Decloutte requested. In her Complaint in Adversary No. 16-3275, Decloutte sought to recover all damages resulting from Austin's violation of the automatic stay, as well as attorney's fees. Judge Jones found that Austin took funds from Decloutte in violation of the automatic stay and then, when that taking of funds was questioned, filed a police report falsely accusing Decloutte of stealing the $10,000.00 from Austin. The resulting incarceration, bond premium, medical expenses, and attorneys' fees were all damages suffered by Decloutte because of the automatic stay violation. Judge Jones did not abuse his discretion by awarding these amounts, whether as a sanction or as damages under § 362(k).

### C. Other Arguments

Austin argues that the Bankruptcy Court abused its discretion by sanctioning her for actions in other matters in state court. The state court matter for which Judge Jones imposed sanctions, specifically the criminal prosecution in Fort Bend County, was closely related to Austin's conduct in the Chapter 13 bankruptcy proceeding. As discussed above, Austin took funds in violation of the automatic stay and then filed

the false police report against Decloutte when Austin's improper taking of Decloutte's funds was discovered.

Austin argues (in Issues IV and VI) that Judge Jones abused his discretion by ordering payment directly to the opposing party rather than to the court registry. Austin relies on *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 395 (6th Cir. 2009). That case, however, involved sanctions under Rule 11 of the Federal Rules of Civil Procedure. The Sixth Circuit noted that Rule 11 "provides that 'if imposed on motion and warranted for effective deterrence,' sanctions may include 'an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.'" *Id.* (quoting FED. R. CIV. P. 11(c)(4)). Neither Austin's argument nor the cited case supports a finding that Judge Jones abused his discretion by requiring Austin to make payment directly to Decloutte and not into the court registry.

Austin argues that it was an abuse of discretion to award attorneys' fees in an amount to be determined later. Austin asserts that she "was not provided leave to review" and object to requested attorneys' fees. *See* Appellant's Brief, p. 15. To the contrary, the Opinion provides specifically for Austin to have seven days in which to "file any objection to the requested fees and expenses." *See* Opinion, p. 24. Austin's argument is refuted by the record.

Austin next argues that the Bankruptcy Court abused its discretion by awarding punitive damages. The Bankruptcy Court found that Austin violated the automatic stay and that Decloutte was entitled to recover damages and attorneys' fees under § 362(k). That section allows an award of punitive damages "in appropriate circumstances." 11 U.S.C. § 362(k)(1). The Fifth Circuit has held that an "egregious conduct" standard is appropriate. *See In re Repine*, 536 F.3d 512, 521 (5th Cir. 2008). The Bankruptcy Court found that Austin's conduct in this case was egregious, and the finding is fully supported by the record. As a result, Judge Jones did not abuse his discretion by awarding punitive damages pursuant to § 362(k).

Austin's final argument regarding the sanctions order is that it was an abuse of discretion to order her to make payments she was not financially able to make. In support of this argument, Austin notes that she is a debtor in an open Chapter 7 bankruptcy case. Austin has failed to show that she is financially incapable of paying the sanctions award. Her current bankruptcy proceeding, filed in 2012 and her fourth since 2007, remains pending only to await the determination regarding the § 523 challenges to discharge asserted in Decloutte's Adversary Case 17-3237.

Austin has failed to present evidence that she is financially incapable of paying the sanction award, and her current bankruptcy case does not preclude imposition of the sanctions award. There was no abuse of discretion.

## IV. APPEAL ISSUES RELATING TO WRITS OF GARNISHMENT

Austin asserts five issues on appeal regarding the writs of garnishment issued in September 2018. Four of the issues relate to the writs of garnishment being issued before she was given notice of the applications and after she filed a Notice of Appeal from the June 2018 Opinion. In the other issue, Issue XIII, Austin argues that the writs of garnishment were improper because they garnished current wages for personal service in violation of Texas law.

### A. Pre-Issuance Notice

Austin argues that the Bankruptcy Court abused its discretion by failing to give her notice before ruling on the applications for writs of garnishment as required by Rule 663a of the Texas Rules of Civil Procedure, thereby violating the Fourteenth Amendment to the United States Constitution. The orders for the writs of garnishment to be issued were signed September 27, 2018. After the writs of garnishment were served on all parties, Decloutte filed a Motion to Unseal [Doc. # 98 in Adv. Case 16-3275] on October 5, 2018. The Order [Doc. # 112 in Adv. Case 16-3275] granting the Motion to Unseal was signed on October 17, 2018.

Rule 663a provides that the "defendant shall be served in any manner prescribed for service of citation or as provided in Rule 21a with a copy of the writ of garnishment, the application, accompanying affidavits and orders of the court *as soon*

*as practicable following the service of the writ*." TEX. R. CIV. P. 663a (emphasis added). The statute does not require notice before the writs of garnishment are issued and served. *See id.* Additionally, state statutes that authorize the issuance of a writ of garnishment without prior notice to the judgment debtor are "not in conflict with the due process clause." *See Endicott-Johnson Corp. v. Encyclopedia Press*, 266 U.S. 285, 290 (1924). There was no abuse of discretion when Judge Jones granted the applications for writs of garnishment without prior notice to Austin.

### B. Post-Appeal Issuance

Austin argues that Judge Jones abused his discretion by issuing the writs of garnishment after she filed her Notice of Appeal, thereby divesting him of jurisdiction. Generally, the "filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). This general rule also applies in bankruptcy cases. *See In re Transtexas Gas Corp.*, 303 F.3d 571, 579 (5th Cir. 2002).

The rule in *Griggs*, however, is simply the general rule and is subject to exceptions. *See id.* at 578-79. In the Fifth Circuit, the filing of a valid notice of appeal from a final order 'divests that court of jurisdiction to act on the matters involved in the appeal, *except to . . . enforce its judgment so long as the judgment*

***has not been stayed or superseded*.**" *Ross v. Marshall*, 426 F.3d 745, 751 (5th Cir. 2005) (emphasis added); *see also Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 928 (5th Cir. 1983).

The Bankruptcy Court's judgment in this case has not been stayed or superseded. As a result, the Bankruptcy Judge did not abuse his discretion – or exceed his jurisdiction – by issuing the writs of garnishment.

### C. Current Wages for Personal Service

Under Texas law, "[n]o current wages for personal service shall ever be subject to garnishment, except for the enforcement of court-ordered child support payments." TEX. CONST. art. XVI, § 28; TEX. CIV. PRAC. & REM. CODE § 63.004. "The term 'wages for personal service' necessarily implies a relationship of master and servant, or employer and employee, and 'excludes compensation due to an independent contractor . . . .'" *Campbell v. Stucki*, 220 S.W.3d 562, 566-67 (Tex. App. – Tyler 2007, no pet.) (quoting *Brasher v. Carnation Co.*, 92 S.W.2d 573, 575 (Tex. Civ. App. – Austin 1936, writ dism'd)). It is clear from the record that Austin was not an employee of the Chapter 13 Trustee or her clients. Instead, she was an independent contractor whose attorneys' fees are not covered by § 63.004.

Additionally, the funds held by Wells Fargo Bank were not protected by § 63.004.[2] Even if they were originally wages from some employer, wages are no longer exempt immediately upon their being paid to and received by the wage earner. *See Am. Express Travel Related Servs. v. Harris*, 831 S.W.2d 531, 532-33 (Tex. App. – Houston [14th Dist.] 1992, no writ); *Barlow v. Lane*, 745 S.W.2d 451, 453 (Tex. App. – Waco 1988, writ denied); *Fitzpatrick v. Leasecomm Corp.*, 2008 WL 4225973, *1 (Tex. App. – Tyler Sept. 17, 2008, review denied).

Section 63.004 does not provide a basis for finding that Judge Jones abused his discretion by issuing the four writs of garnishment.

## V. **CONCLUSION AND ORDER**

The Bankruptcy Court had clear authority to issue its Opinion and Final Judgment, and it did not abuse its discretion in doing so. Austin was given notice and an opportunity to be heard before the Opinion and Final Judgment were issued.

The Bankruptcy Court acted within its jurisdiction when it issued the four writs of garnishment. Austin was given the post-service notice required by Texas law, and the garnishments did not involve current wages subject to § 63.004. There was no abuse of discretion. Accordingly, it is hereby

---

[2] Bank of America responded to the writ of garnishment, stating that it was not in possession of any funds owned by or owed to Austin. *See* Bank of America's Answer to Writ of Garnishment [Doc. # 108 in Adv. Case 16-3275].

**ORDERED** that the Opinion [Doc. # 201 in BR Case 14-35557] and Final Judgment [Doc. # 202 in BR Case 14-35557] issued by United States Bankruptcy Judge David Jones on June 20, 2018 are **AFFIRMED**. It is further

**ORDERED** that the four writs of garnishment [Docs. # 91 - # 94 in Adv. Case 16-3275] issued by Judge Jones on September 27, 2018, are **AFFIRMED**. It is further

**ORDERED** that the Motion to Vacate Writ of Garnishment [Doc. # 21], Application for Temporary Restraining Order [Doc. # 22], and Amended Motion to Vacate Writs of Garnishment [Doc. # 25] are **DENIED**.

The Court will issue a separate final order.

SIGNED at Houston, Texas, this **28th** day of **January, 2019**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE